UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       Plaintiff,

 -against-            1:16-CV-0726 (LEK/DJS)

JOSEPH GULYAS,

       Defendant.

## DECISION AND ORDER

**I. INTRODUCTION**

On June 20, 2016, plaintiff United States of America commenced this action alleging that defendant Joseph Gulyas defaulted on three promissory notes. Dkt. No. 1 ("Complaint"). Presently before the Court is the Government's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. No. 7 ("Motion"). For the following reasons, the Motion is granted.

**II. BACKGROUND**

On January 10, 1985, Gulyas executed a promissory note to secure a loan in the amount of $10,004 from BayBank Norfolk County Trust Company, located in Dedham, Massachusetts. Dkt. No. 7-5 ("Exhibit A") at 2;[1] Dkt. No. 7-6 ("Certificate of Indebtedness") at 1. On November 11, 1985, Gulyas executed a second promissory note to secure a loan in the amount of $10,033 from the same trust company. Ex. A at 7; Certificate of Indebtedness at 1. On June 10, 1986, Gulyas executed a final promissory note in the amount of $10,417 from BayBank. Ex. A, at 12;

---

[1] Citations to the Exhibits correspond with the pagination assigned by the Court's electronic filing system ("ECF").

Certificate of Indebtedness at 1. The loans were Health Education Assistance Loans ("HEALs"). Certificate of Indebtedness at 1. Eventually, the HEAL notes were assigned to the Government. Id. at 2. Gulyas defaulted on the loans, and the Government commenced the present action. Compl. Gulyas did not file a responsive pleading, and on August 4, 2016, the Clerk of the Court filed an entry of default against Gulyas at the Government's request. Dkt. No. 6 ("Entry of Default"). On August 12, 2016, the Government filed the pending Motion, seeking an award of $41,101.25 in unpaid principal and $629.30 in accrued interest as of December 16, 2015. Certificate of Indebtedness at 2.

**III.    LEGAL STANDARD**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to plead or otherwise defend . . . the clerk must enter the party's default." Id. Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id.

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v.

2

Koegel, 504 F.2d 702, 707 (2d Cir. 1974); accord Bravado Int'l, 655 F. Supp. 2d at 189. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Robertson, 2008 WL 2519894, at *3. "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190.

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) "a clerk's certificate of entry of default," (2) "a proposed form of default judgment," (3) "a copy of the pleading to which no response has been made," and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) "the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred." L.R. 55.2(a).

IV. DISCUSSION

In the present case, the Government has met its burden of showing that it is entitled to a default judgment. The Complaint and the exhibits attached to the Motion demonstrate that Gulyas executed three promissory notes to obtain student loans. Compl; Ex. A at 2–16. The Government has demanded payment in accordance with the terms of the notes, and to date, Gulyas has failed to pay the debt. Compl. ¶ 4. These allegations, which are deemed admitted by

3

Gulyas's failure to respond, are sufficient to establish his liability. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). Further, the Government has complied with Local Rule 55.2(b). Finally, the materials the Government has provided "are sufficient to establish damages on the promissory notes because the principal owed on the notes and the interest are susceptible to mathematical computation." United States v. Williams, No. 12-CV-124, 2012 WL 1977969, at *1 (N.D.N.Y. June 1, 2012).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Government's Motion for Default Judgment (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED**, that the Government is entitled to judgment as follows: $41,101.25 in unpaid principal and $629.30 in accrued interest, for a total award of $41,730.55, plus post-judgment interest pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 28, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge